UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| LEE D. TAYLOR,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>        Defendant. | ) CV 13-00314-SH<br>)<br>) MEMORANDUM  DECISION<br>) AND ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's applications for Disability Insurance Benefits and for Supplemental Security Income.  Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned.  The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner.   The plaintiff and the defendant have filed their pleadings

1

1  (Plaintiff's Brief in Support of Complaint; Defendant's Brief in Opposition to Relief
2  Sought in Complaint), and the defendant has filed the certified transcript of record.
3  After reviewing the matter, the Court concludes that the decision of the
4  Commissioner should be reversed and remanded.

5      On July 13, 2010, plaintiff Lee Taylor filed applications for a period of
6  disability or Disability Insurance Benefits and for Supplemental Security Income,
7  alleging an inability to work since August 1, 2005, due to non-Hodgkin's lymphona
8  and chronic Epstein Barr virus. (See Administrative Record ["AR"] 167-77, 199).
9  On January 20, 2012 (following a hearing on January 12, 2012), an Administrative
10 Law Judge ("ALJ") determined that plaintiff had the following severe impairments
11 -- hypertension, obesity and a history of alcohol use -- but found that plaintiff was
12 not disabled within the meaning of the Social Security Act. (See AR 18-25).

13     Following the Appeals Council's denial of plaintiff's request for a review of
14 the hearing decision (see AR 1-3), plaintiff filed the present action in this Court

15     Plaintiff makes one challenge to the ALJ's Decision. Plaintiff solely alleges
16 the ALJ erred in failing to provide clear and convincing reasons for rejecting
17 plaintiff's testimony.

18
19                          **DISCUSSION**
20     **ISSUE NO. 1:**

21     Plaintiff asserts that the ALJ failed to provide clear and convincing reasons
22 for finding plaintiff not credible in the assessment of plaintiff's Residual
23 Functioning Capacity ("RFC").[1]  Defendant argues that the ALJ provided valid
24 reasons for finding plaintiff not credible.

25

26      [1]      The RFC is the most a claimant can do despite his or her limitations.  20
   C.F.R. §§ 404.1545(a), 416.945(a).
27           The ALJ found that plaintiff had the RFC to perform a full range of work at
   all exertional levels, with the limitations that plaintiff avoid hazards, moving machinery
28 and heights.  (See AR 22).

                                    2

In her initial Disability Report, plaintiff complained of non-Hodgkins lymphoma and Chronic Epstein Barr virus.  (See AR 198-205).

In an Exertion Questionnaire dated August 18, 2010, plaintiff stated that she suffered constant pain in her head, legs, stomach, spleen, gallbladder, pancreas and liver, and that she experienced migraine headaches (2 to 3 times a week), constipation and diarrhea.  Plaintiff further stated she had pain despite taking medication.  Plaintiff further stated her pain and stiffness prevented her from walking or standing more than five minutes, stooping, or carrying groceries far or often. Plaintiff further stated she had to use the handrails to pull herself up 4 porch steps to her apartment.  Plaintiff further stated she swept or vacuumed once a week, dusted, cooked, watered (yard work) and sometimes washed dishes. (See AR 206-08).

In a later Disability Report, plaintiff complained of worsening constant pain, stiffer legs, headaches (every day), migraine headaches (3 times a week, with 1 to 2 days of recovery time), low back pain, night sweats, sleeplessness, connective tissue disease, and hair loss.  Plaintiff stated that she needed somebody to shop, make calls, wash clothes, write and drive, and that she had more difficulty walking, riding a bike, washing her clothes, and taking care of her hair.  (See AR 238-42).

At the administrative hearing, plaintiff testified that she had not worked since 2005 because of her headaches, migraine headaches and leg pains.  She attempted to return to work as a bookkeeper but was unable to concentrate.  It takes her two days to recuperate from her migraine headaches (3 times a week).  She recently loss strength in her hands, and suffers weakness in her right arm and left leg. She has difficulty walking, bending down or squatting.  She is depressed, is unable to concentrate, has problems with her memory, is unable to sleep because of leg cramps and migraine headaches, and (when she is able to sleep) sleeps for long periods (but still does not feel rested).  (See AR 42-43, 50-52, 54-57).

Plaintiff testified she used to frequently go the emergency room for her

migraine headaches, but stopped going because the medicines stopped working. She goes to a clinic to numb the pain (the pain does not go away).  She also used to go the emergency room for chest pains and leg pains.  She went to the emergency room more than twelve times.  (See AR 47-48).

Plaintiff testified she needs help grocery shopping, cleaning, and driving.  She is able to cook, mostly quick items, and to lift about eight pounds.  She uses a cane in her house, and goes around outside by bus by holding onto her bike (using it like a crutch).  She socializes with others only on Facebook, and does not visit family or friends.  (See AR 48-50, 55-56).

After discussing plaintiff's testimony, plaintiff's medical records, the consultative examiner's testimony, and the non-examining physician's testimony, the ALJ stated, "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (AR 24).

The ALJ then wrote the following:

Notably, the claimant's allegation that she can walk and stand no more than five minutes, lift and carry no more than a bag of groceries, and that she cannot socialize with others, is not supported by the objective medical evidence.  A physical examination of the claimant found mostly normal findings, with some reduced range of motion. (Exhibit 4F).  This allegation is also contradictory to her statement to Dr. Sherrill that she rode her bike outside the home.  (Exhibit 5F/3).  Also the claimant stated her daily activities include sweeping and vaccuuming her apartment once a week, dusting, cooking, and washing dishes. (Exhibit 3E).  These daily activities are not limited to the extent one would expect, given the complains of

4

disabling symptoms and limitations.  Similarly, the claimant told Dr. Sherrill her preferred activities included painting, drawing, and playing the piano and guitar.   (Exhibit 5F/3).   Also, it is noted that the claimant provided inconsistent information, which adversely affects her credibility.   She testified she uses her bike as a crutch on the bus, but she told Dr. Sherrill she rode her bike. (Exhibit 5F/3). Also, while the medical records show she has a history of alcohol abuse (Exhibit 2F/10, 12), at the consultative examinations she denied any history of alcohol abuse (Exhibit 4F/2, 5 F/3). Although the inconsistent information provided by the claimant may not be the result of a conscious intention to mislead, the inconsistencies nevertheless suggest that the information provided by the claimant generally may not be entirely reliable.   In addition, while the claimant alleges difficulties socializing, she reported to Dr. Sherrill she maintained excellent relationships with family members and friends. (Exhibit 5F/3). Additionally, she received conservative treatment only, and the medial records show that in 2010 she refused to take her medication.  Also, while she alleged pain in the legs, she stated it did not prevent her from riding her bicycle. (Exhibit 3F/3). Finally, there are no clinical findings supporting the degree of limitation alleged in this case.  Various pulmonary and heart tests were normal (Exhibit 2F), the findings of Dr. Popov were mostly normal (Exhibit 4F), she had an average IQ, and Dr. Sherrill concluded she would have no problems with various work tasks (Exhibit 5F).  (AR 24).

A claimant initially must produce objective medical evidence establishing a medical impairment reasonably likely to be the cause of the pain.  Smolen v. Chater, 157 F.3d 1273, 1281 (9th Cir. 1996); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991).   Once a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other

5

symptoms alleged, and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of her pain and symptoms only by articulating clear and convincing reasons for doing so. Smolen v. Chater, supra; see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997). "[A]lthough an adjudicator may find the claimant's allegations of severity to be not credible, the adjudicator must specifically make findings which support this conclusion." Bunnell v. Sullivan, supra.

Here, substantial evidence does not support the ALJ's finding that plaintiff's testimony about the intensity, persistence and limiting effects of her symptoms was not credible.

Although inconsistencies in a claimant's testimony or between a claimant's testimony and conduct may provide a basis to discredit a claimant's testimony, see Smolen v. Chater, supra, 158 F.3d at 1273; Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002), the inconsistencies in plaintiff's testimony and statements and/or between plaintiff's testimony and conduct were minor, at best. (See AR 49-50 [plaintiff's testimony that she uses her bike as a crutch on the bus], AR 362 [plaintiff's statements to the psychologist that she rides her bike outside the house], AR 326 [plaintiff's statement in a progress note that she "rides bike easier than walking"]; see also AR 55-56 [plaintiff's testimony that she does not visit family or friends and only socializes with others on Facebook] and AR 362 [plaintiff's statements to the psychologist that maintains excellent relationship with family members and friends "but avoids them"]; see also AR 353, 362 [plaintiff's statements to the consultative examiners that she did not use alcohol] and AR 285, 287 [2008 medical records indicating a history of alcohol use].

Plaintiff's ability to perform daily activities such as sweeping and vaccuuming once a week, dusting, cooking, and washing dishes (see AR 48, 207) does not provide support for the ALJ's credibility finding, since such activities do

not appear to be inconsistent with plaintiff's ability to perform full-time work.  See Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001)("[T]he mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from her credibility as to her overall disability.  One does not need to be 'utterly incapacitated' in order to be disabled."); Reddick v. Chater, supra ("Only if the level of activity were inconsistent with the Claimant's claimed limitations would these activities have any bearing on Claimant's credi bility"); Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987).        While a claimant's conservative treatment and refusal to take medication can serve as a valid reason to discredit a claimant's testimony, see Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008); 20 C.F.R. § 404.1530(a), (b) and 20 C.F.R. § 416.930(a), (b), the ALJ failed to cite to specific evidence of plaintiff's conservative treatment and refusal to take medication, and the ALJ failed to adequately explain that reason.  See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996)(stating thta the ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints.")

Finally, the mild objective clinical findings cannot, by themselves, support the credibility finding.  See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991).

///
///
///
///
///
///
///
///
///

7

ORDER

    For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with the decision, pursuant to Sentence 4 of 42 U.S.C. §405(g)

Dated:  December 3, 2013

_____

STEPHEN J. HILLMAN

UNITED STATES MAGISTRATE JUDGE